# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION
## IN ADMIRALTY

| | |
|---|---|
| SUNDOG SAILING, LLC ) | CIVIL ACTION NO.: 2:23-cv-4265-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| ANTHONY BLACK, MARINE ) | |
| PROPULSION, INC. AND ) | |
| ROCKVILLE MARINE, INC. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiff, complaining of the defendants herein, respectfully alleges unto this Honorable Court that:

### GENERAL AVERMENTS

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the *Federal Rules of Civil Procedure* and is within the Maritime Torts jurisdiction of this Court. Further, this action seeks damages for breach of contract, breach of the admiralty doctrine of warranty of workmanlike performance, and negligence. Plaintiffs invoke the subject matter jurisdiction of this Honorable Court under 28 U.S.C. § 1333 (Admiralty) as well as its ancillary jurisdiction over the negligence claims arising out of the same facts, and request a bench trial.

2. Plaintiff Sundog Sailing, LLC (herein "Sundog") was, at all material times, a Limited Liability Company organized and existing pursuant to the laws of the State of South Carolina and doing business in Charleston County, South Carolina. Sundog further was the

owner and operator of a commercial sailing vessel that had not been withdrawn from navigation and which was used for the purpose of generating income and profit for plaintiff.

3. Defendant Anthony Black is, on information and belief, a citizen and resident of Charleston County, South Carolina.

4. Defendants Marine Propulsion, Inc. and Rockville Marine, Inc (herein collectively referred to as "MP") are, on information and belief, corporations engaged in the business of providing maritime services including maintenance and storage of vessels, organized and existing pursuant to the laws of the State of South Carolina, and doing business in Charleston County, South Carolina.

5. This claim involves the breach of a maritime contract, breach of the warranty of workmanlike performance, and the tort of gross negligence in connection with the provision of maritime services; and, the parties hereto and subject matter hereof are within the jurisdiction of this Honorable Court.

**FOR A FIRST CAUSE OF ACTION**
(BREACH OF CONTRACT)

6. Sundog, at all times pertinent hereto, was the owner of S/V *Shenanigan*, (the "Vessel"), being a fifty (50) foot Gulfstar sailing vessel in commercial service, and bearing the USCG Official Number 974474 and Hull Identification Number GFS50142M79F. The Vessel was the chief business asset, source of income and profit for plaintiff which operated the Vessel as a tour boat and made the Vessel available for charitable purposes in and around Charleston, SC.

7. On or about October, 2022 Sundog entered into an agreement with MP whereby

MP agreed, among other things, to haul the Vessel from the water, block and secure it in MP's boat yard, store the Vessel, pressure wash the Vessel, accomplish repairs to the bow section as well as additional some ancillary repairs, and re-launch the Vessel upon completion of the repairs by MP (the "Contract") as well as some additional maintenance being performed by the Vessel's owners. Plaintiff agreed to make payment for the repairs done by MP and to pay additional fees for storage/dockage while plaintiff performed additional maintenance

8.     On October 21, 2022 the Vessel was delivered to MP's facility located on navigable waters at Wadmalaw Island, SC where it was later hauled out of the water by defendants for storage, maintenance and repair.

9.     Sundog did all it was required to do under the Contract and paid MP the full Contract price; but MP failed to perform its duties as agreed, failed to complete the repairs, damaged and burned the Vessel, and breached the Contract.

10.    Sundog is informed and believes that it is entitled to recover damages for the breach of Contract in such amount as the Court may determine are due.

**FOR A SECOND CAUSE OF ACTION**
(BREACH OF WARRANTY)

11.    Plaintiff realleges each and every allegation contained in the foregoing paragraphs as fully as if repeated herein verbatim.

12.    MP, as a maritime service provider, warranted to plaintiff that it would perform its work on the Vessel with that degree of diligence, attention and skill adequate to complete the repairs to the bow and other ancillary repairs, store and re-launch the Vessel upon completion of the repairs by MP.

13. MP breached its maritime warranty of workmanlike performance with respect to the Vessel by failing to properly complete the repairs, negligently repairing another boat in the yard causing it to catch on fire which fire spread to plaintiff's Vessel, by failing to keep a fire watch or to otherwise prevent the fire from spreading to plaintiff's Vessel thereby damaging the Vessel, its equipment, and plaintiff's property;  failing to properly supervise or instruct its agents and employees; and,  failing to use that degree of diligence, attention and skill adequate to properly and safely repair and store the Vessel.

14. As a direct and proximate cause of MP's breach of warranty of workmanlike performance, plaintiff's business has been destroyed, it has incurred losses, economic damages and expenses in excess of $500,000.00 including the value of the Vessel and other property, "sue and labor" time, expenses in obtaining survey and repair estimates, insurance and dockage expenses loss of charter income, loss of business and future bookings, and additional consequential and incidental economic losses.

15. Plaintiff is informed and believes that it is entitled to recover these damages of MP for its breach of warranty as aforesaid in such amount as the Court may find.

**FOR A THIRD CAUSE OF ACTION**
(NEGLIGENCE AGAINST MP)

16. Plaintiff realleges each and every allegation contained in the foregoing paragraphs as fully as if repeated herein verbatim.

17. MP owed a duty to plaintiff to properly safeguard vessels stored in its yard undergoing repairs and maintenance, and to use reasonable care in order to avoid damage to vessels belonging to plaintiff and others.

18. MP had a further duty to keep a fire watch on its storage and maintenance yard since the danger of a fire beginning on a vessel undergoing maintenance, and such a fire having a potentially disruptive impact on maritime commerce if it were to spread to other nearby commercial vessels or make the marina inaccessible to such vessels, was reasonably foreseeable.

19. MP breached its duty and was careless, willful, negligent and grossly negligent in that, and among other things:

    a. By performing dangerous maintenance and/or repairs while in a storage area close to other boats rather than in a proper maintenance facility at some distance from other boats;

    b. By allowing the use of a plasma cutting torch to remove potentially volatile and explosive fuel tanks from a vessel stored in its yard;

    c. By failing to have adequate fire fighting equipment to extinguish the resulting fire;

    d. By failing to maintain adequate separation between vessels stored in its facility and undergoing maintenance of repairs

    e. In such other and further particulars as may be revealed in discovery.

20. As a direct and proximate result of the grossly negligent and careless acts of the defendant MP, as aforesaid, plaintiff's vessel was severely damaged and rendered a constructive total loss as a consequence of the intense heat and fire which spread to other vessels in the yard.

21. Plaintiff is informed and believes that it is entitled to recover damages from the defendant MP as a result of its negligence in the amount of at least $500,000.00 or such other amount as the court may find for the damages, repairs, and losses to SV *Shenanigan*, its gear and

appurtenances, together with its economic damages and expenses in excess of $500,000.00 including the value of the Vessel and other property, "sue and labor" time, expenses in obtaining survey and repair estimates, insurance and dockage expenses, loss of charter income, loss of business and future bookings, additional consequential and incidental economic losses. and the costs and disbursements of this action.

**FOR A FOURTH CAUSE OF ACTION**
(NEGLIGENCE AGAINST BLACK)

22.     Plaintiff realleges each and every allegation contained in the foregoing paragraphs as fully as if repeated herein verbatim.

23.     Black owed a duty to plaintiff to use reasonable care in making repairs to other vessels in the MP yard in order to avoid damaging plaintiff's Vessel and others. The defendant was careless, willful, negligent and grossly negligent in that, and among other things:

a.      Using a plasma cutting torch to remove the fuel tank from a vessel stored adjacent to where the plaintiff's vessel was stored when he knew or, in the exercise of even slight care, should have known that the use of the device posed a serious risk of fire;

b.      By performing dangerous maintenance and/or repairs while in a crowded marina rather than in a properly protected maintenance facility;

c.      By failing to post and keep a proper fire watch;

d.      By failing to have adequate fire fighting equipment at hand to extinguish the resulting fire when the boat upon which he was working caught fire;

e.      In such other and further particulars as may be revealed in discovery.

24.     As a direct and proximate result of the grossly negligent and careless acts of Black

as aforesaid, plaintiff's Vessel was severely damaged and rendered a constructive total loss as a consequence of the intense heat and fire which spread to other vessels stored in the yard including plaintiff's Vessel

25. Plaintiff is informed and believes that it is entitled to recover damages from this defendant as a result of his grossly negligent conduct in the amount of at least $500,000.00 or such other amount as the court may find for the damages and repair costs to its Vessel together with its together with its economic damages and expenses in excess of $500,000.00 including the value of the Vessel and other property, "sue and labor" time, expenses in obtaining survey and repair estimates, insurance and dockage expenses, loss of charter income, loss of business and future bookings, additional consequential and incidental economic losses. and the costs and disbursements of this action.

WHEREFORE, plaintiff prays for Judgment against the defendant MP as a result of MP's breach of Contract, breach of warranty, and its gross negligence; and, for judgment against Black for his gross negligence in such amount as the Court may find to be plaintiff's actual, consequential and incidental damages, pre-judgment interest, reasonable attorney fees, and the costs and disbursements of this action.

LAUGHLIN AND BOWEN, P.C.

By: s/John R. C. Bowen
John RC Bowen
Federal Court ID# 1403
Attorneys for Plaintiff
P.O. Drawer 21119
Hilton Head Island, SC 29925
Telephone (843) 689-5700
Facsimile  (843) 689-9300

August 25, 2023          John@laughlinandbowen.com